Filed 6/23/25  In re A.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | C102331 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. No. 53005636) |
| Plaintiff and Respondent, | |
| v. | |
| M.M., | |
| Defendant and Appellant. | |

Appellant, father of minor A.M., appeals from the jurisdiction and disposition order of the juvenile court.  His sole contention on appeal is that the order must be reversed for failure to adequately comply with the inquiry requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA).  Because the juvenile court had not made a final ICWA finding at the time of this appeal, and because the ICWA inquiry

1

is still ongoing in that court, we conclude the sole claim on appeal is premature and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

We dispense with a detailed recitation of the underlying facts and procedure as they are unnecessary to our resolution of the limited issue on appeal. It is sufficient to say that in July 2024, the Placer County Department of Health and Human Services (Department) filed a Welfare and Institutions Code[1] section 300 dependency petition on behalf of the minor. The juvenile court ordered the minor removed from parental custody, adjudged him a dependent of the court, and provided reunification services for mother. The court denied reunification services for father.

At the outset of the proceedings, the Department inquired of mother, maternal grandmother, and father as to Indian ancestry. Mother and maternal grandmother denied any known ancestry. Father reported that he believed he may be Native American but was unsure as to which tribe. At the detention hearing, the juvenile court asked mother, father, maternal grandmother, maternal grandfather, and two family friends whether they had any information that the child was a member of or was eligible for membership in an Indian tribe. Each responded in the negative. Based on those responses, the court stated it found at that "time [the] ICWA does not apply." The court explained, "So it's an ongoing obligation. We're going to ask a few hundred times." Mother and father filed parental notification of Indian status (ICWA-020) forms indicating that they did not know of any Indian ancestry.

On August 8, 2024, father informed the Department that his mother's great-grandfather was Comanche Indian. The Department attempted contact with paternal grandfather and paternal uncle to gather more information but was unable to reach them.

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

The Department contacted paternal aunt, who reported that the family has both Apache and Comanche Indian heritage. Paternal grandmother reported that paternal grandfather always said his family was Apache, but she had never seen any documentation of the actual family lineage. She also reported that her Comanche Indian heritage traced back to her grandfather. Based on this information, the Department mailed out notice of child custody proceeding for Indian child forms (ICWA-030) to the Apache and Comanche tribes.

At a subsequent hearing, the juvenile court asked the family whether anyone had new information regarding the minor's membership or eligibility for membership in an Indian tribe. None of the family members present at the hearing—which included mother, father, maternal aunt, maternal grandmother, maternal grandfather, a cousin, and a great-aunt—indicated they had new information.

Following a contested jurisdiction and disposition hearing, the juvenile court found that "[t]here's reason to believe the child may be an Indian child" and directed the Department "to make further inquiry."

Father appeals from the juvenile court's jurisdiction and disposition order.

DISCUSSION

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA . . . ), courts and child welfare agencies are charged with 'an affirmative and

3

continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125, quoting § 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).) We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence. (§ 224.2, subd. (i)(2); *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 961; *Dezi C.*, at p. 1134.)

Father argues the disposition order should be conditionally reversed because the Department and the juvenile court did not comply with the inquiry and notice provisions of the ICWA. He contends that the Department should have asked paternal grandfather about possible Indian heritage when paternal grandfather testified at the contested jurisdiction and disposition hearing. He also contends that "the Department did not diligently comply with its duty of further inquiry" because the ICWA-030 forms it sent out were deficient in several respects. For these reasons, father claims the juvenile court could not have reasonably found the Department's inquiry was adequate.

But the juvenile court never found that the Department's inquiry was adequate. In fact, in the order appealed from, the court expressly found the ICWA may apply and directed the Department to make further inquiry. Any ICWA inquiry and notice compliance issues are thus not yet ripe for review and father's claim of ICWA error is premature.

" 'Ripeness' refers to the requirements of a current controversy." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is "sufficiently concrete to allow judicial resolution even in the absence of a precise factual context." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; see *id*. at pp. 170-172.) As this court explained in *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, if the juvenile court did not yet make a final ICWA ruling at or before the challenged hearing as to whether the ICWA applies to the proceeding, a parent's challenge is premature. (*J.J.*, at p. 461.) Any remarks we would make now on the adequacy of the ICWA compliance would be advisory. (See *People v.*

4

*Buza* (2018) 4 Cal.5th 658, 693 ["We . . . abide by . . . a ' "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" ' "].)

Relying on our Supreme Court's recent decision in *In re Dezi C.*, *supra*, 16 Cal.5th 1112, father insists that any insufficiency in the ICWA compliance requires us to conditionally reverse the appealed order. Father, however, fails to appreciate that the procedural posture of his appeal differs significantly from the appeal taken from termination of parental rights in *Dezi C.*

Compliance with the ICWA is required before terminating parental rights. (*In re K.M.* (2015) 242 Cal.App.4th 450, 458.) Thus, conditional reversal of an order terminating parental rights is necessary when the juvenile court has made no final finding whether the ICWA applied prior to terminating parental rights or where it has made an erroneous finding as to compliance with and application of the ICWA. (See *In re Dezi C.*, *supra*, 16 Cal.5th at pp. 1136-1139.)

Based on the record before us, the present dependency case is still ongoing, as is ICWA compliance. Reversal of the disposition order is unnecessary to secure ICWA compliance. (See *In re S.H.* (2022) 82 Cal.App.5th 166, 177; see also *In re Dominick D.* (2022) 82 Cal.App.5th 560, 567.) The complained of, and any other, perceived deficiencies with the ICWA inquiry and noticing may still be brought to the juvenile court's attention and may be resolved during the normal course of the ongoing dependency proceedings. (See *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was premature where no final ICWA ruling was made at dispositional hearing].) Indeed, we expect all involved parties and entities will cooperate to ensure that the ICWA proceedings and their documentation are thorough and thus the juvenile court's exercise of its discretion is fully informed. (See *H.A. v. Superior Court*, *supra*, 101 Cal.App.5th at pp. 965-966) [describing this court's expectations of counsel, the juvenile court, and the department on remand for ICWA compliance]; *id*. at p. 965 [explaining that the nonforfeiture rule for ICWA inquiries "is *not* an invitation to sit idly by, aware of alleged

deficiencies in ICWA compliance, while making no effort to remedy the matter in the juvenile court proceedings"].)  If at any time, a party's counsel becomes aware that the juvenile court has failed to make necessary findings or orders, or that the Department has failed to make adequate inquiry under the ICWA, counsel has an obligation to promptly bring such matters to the attention of the juvenile court.  (*H.A.*, at p. 965; see also *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330 [" 'Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error' "].)

DISPOSITION

The appeal is dismissed.


/s/
ROBIE, J.


We concur:



/s/
HULL, Acting P. J.



/s/
DUARTE, J.